## REEVES, Trustee, v. CRUM et al.

No. 12852—Opinion Filed Feb. 19, 1924.

Mortgages — Foreclosure — Collusion Stifling Bids—Action by Trustee in Bankruptcy of Estate of Mortgagor — Insufficiency of Petition.

The Oklahoma Farm Mortgage Company instituted proceedings to foreclose a certain mortgage on real estate owned by J., and B. was appointed receiver for the purpose only "to gather the hay crop for 1919 and collect the rents from the land until final determination of the action and to make return of his acts and doings in this behalf to the district court." J. was adjudged a bankrupt, the land was sold to satisfy the mortgage of the Oklahoma Farm Mortgage Company and was bid in by C. for the McAlester Cattle Loan Company, C., B., P., and R., alleging the land was purchased by C. as agent for the McAlester Cattle Loan Company, for $5,000, under an agreement whereby B., P., and R. were to refrain from bidding on the property and permit C. to bid in the same and to pay B., P., and R. $3,000, and alleges this sum was paid to B., P., and R. and judgment was prayed against the McAlester Cattle Loan Company, C., B., P., and R. to recover the $3,000 so paid.

Plaintiff further alleges that it was the legal duty of B. to realize the largest sum from the sale of said land and all defendants are liable to the trustee in bankruptcy for the sum paid B., P., and R. The court sustained the demurrers of all defendants leveled against the petition of the plaintiff for that "it did not appear from said petition that B. occupied such a fiduciary relation to the trustee in bankruptcy, and the property sold under the sheriff's sale set out in plaintiff's petition, as to render him or any of the defendants liable to the plaintiff, and for said reason said petition does not contain facts sufficient to constitute a cause of action in favor of the plaintiff and against any of the defendants."

Held, there was no error in the judgment of the court in sustaining the said demurrer upon that ground.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by A. R. Reeves, trustee in bankruptcy for the estate of F. L. Johnson, against C. W. Crum and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Moore & Harries, for plaintiff in error.

George M. Porter and John L. Fuller, for defendant in error J. D. Browder.

James H. Gordon, for defendants in error C. W. Crum and McAlester Cattle Loan Company.

Wilkinson & Hudson, for defendants in error Lee Pollock and G. M. Roberts.

Opinion by RUTH, C. This was an action originally filed in the district court of Pittsburg county, Okla., by Paul H. Jones, plaintiff in error, plaintiff below, as trustee in bankruptcy for the estate of F. L. Johnson, a bankrupt, against C. W. Crum, J. D. Browder, Lee Pollock, G. M. Roberts, and the McAlester Cattle Loan Company, a corporation, defendants in error, defendants below; and for convenience the parties will be designated as they appeared in the lower court.

The petition of the plaintiff alleges the appointment of Paul Jones, as trustee in bankruptcy for the estate of F. L. Johnson, and alleges this action was brought by the plaintiff for the benefit of the said bankrupt estate of said Johnson and sets up in exhibit "A" and "B" and "C" his appointment and authority. The petition further alleges that on the 14th day of May, 1919, the Oklahoma Farm Mortgage Company filed its action against F. L. Johnson and Hattie Johnson, his wife, and the Southwest Reserve Bank of Oklahoma City, John G. Shaw, and the McAlester Cattle Loan Company in which action it was sought to recover a judgment on certain promissory notes and to foreclose a mortgage given by Johnson and his wife to secure the payment of such notes covering two tracts or parcels of land situated in Latimer county, Okla., and that on May 14, 1919, the defendant Browder was, by order of the court, appointed receiver of such property and qualified as such and entered into possession and control of said property as such receiver; that on the 12th day of December, 1919, the district court for Latimer county rendered judgment in the said cause in favor of the Oklahoma Farm Mortgage Company for the foreclosure of the said mortgage,

and on the 24th day of March, 1920, there issued out of the said district court for Latimer county, Okla., an order of sale, and on the 26th day of April, 1920, the lands covered by the mortgage were sold by the sheriff; that there were present at the sale the defendant C. W. Crum, acting for himself and on behalf of the McAlester Cattle Loan Company, J. D. Browder, Lee Pollock, and G. M. Roberts, and sundry other persons, and that Pollock and Roberts were present for the purpose of bidding on said lands, and defendant Browder was, in some manner and to some extent to the plaintiff unknown, interested with defendants Pollock and Roberts in their intended purchase of said lands; and that defendant Crum, acting for himself and on behalf of the defendant McAlester Cattle Loan Company, fraudulently proposed to the said defendants Browder, Pollock, and Roberts, that if Pollock and Roberts would refrain from making any bid on said land he would pay to said Browder, Pollock, and Roberts the sum of $3,000 to be distributed and divided between them, and that said proposal was thereupon accepted, and C. W. Crum purchased the said land for the sum of $5,000, which, it was alleged, was greatly less than the actual value of said lands, and that Browder, Pollock, and Roberts refrained from making any bid at the said sale to Crum on account of said fraudulent scheme and understanding. Plaintiff's petition further alleges that at some time unknown, the $3,000 was paid to Browder, Pollock, and Roberts; that the sheriff made return of sale to the district court, which sale was by the court confirmed and the sheriff's deed delivered to the defendant Crum, and the plaintiff further states in his petition that it was the legal duty of the said J. D. Browder, the receiver under the appointment mentioned, to endeavor to realize the largest possible amount at said sale, and that by entering into said fraudulent agreement with defendants Crum, Pollock, and Roberts, he, and each of the defendants, became severally and jointly liable to this plaintiff as trustee in bankruptcy of the estate of said Johnson for all the gain and profit realized by the said Browder, and prays judgment against each and every of the defendants jointly and severally in the sum of $3,000, together with interest thereon at the rate of six per cent per annum from April 26, 1920, and for costs. Plaintiff makes the order appointing J. D. Browder receiver in the action by the Oklahoma Farm Mortgage Company against F. L. Johnson, and others, for foreclosure of the mortgage, a part of his petition, which, after setting out a description of the property and the proceedings taken, directs the receiver Browder to take possession and charge immediately of the described property and to run the same to the best advantage, and to collect rents therefore, and further to protect the hay crop on the mortgaged land by renting said mortgaged land for hay purposes, and by selling hay raised thereon during the season of 1919, or, if necessary, to employ labor, procure the cutting and harvesting of said hay from said hay land, and to market same; to take such action as may be necessary to obtain possession of the said premises from any person or persons now in possession of the same wrongfully, and if such person or persons, now in possession have such possession by reason of rental contract with the defendant, that said receiver arrange for the collection of all rent to be paid by them; that said receiver shall make full and complete report of all of the moneys and doing under this receivership at reasonable intervals and at such time as he may be ordered to do so by the court, all of which to continue subject to the further order of the court.

Thereafter, in due course, the defendants and each of them filed their separate demurrers to the petition of the plaintiff, in which they alleged that the facts set out in the said petition did not constitute a cause of action against these defendants. That thereafter the court heard argument upon the demurrers of the several defendants, and on October 15, 1921, the court, being fully advised in the premises—

"Finds and is of the opinion that it does not appear from the said petition that the defendant Browder occupied such a fiduciary position to the trustee in bankruptcy as set out in said petition, as to render him, or any of the defendants, liable to the plaintiff, and that for such reason said petition does not contain facts sufficient to constitute a cause of action in favor of the plaintiff and against the said defendants or any of them and that for said reason said demurrers and each of them should be sustained."

To the judgment of the court, sustaining the demurrers, the plaintiff excepted and elected to stand upon his petition and declined to plead further, whereupon the court found for the defendants and each of them and dismissed the cause, whereupon plaintiff gave notice of appeal to this court and this cause is before this court for review upon the pleadings and the judgment of the court in sustaining the demurrers.

The case was argued to the court below upon one theory and one alone, to wit: That defendant Browder occupied such a fiduciary relation to the trustee in bankruptcy as made it his legal duty to obtain as large a sum as possible for the sale of the land and upon this theory and this alone the cause was considered and determined by the court.

and upon this question this cause is presented to this court in the plaintiff's briefs.

The petition of plaintiff does not allege a conspiracy to defraud the bankrupt estate nor does it allege such a corrupt agreement as would be against public policy, nor are these matters presented to the court. To sustain his position that Browder sustained a fiduciary relation to the trustee of the bankrupt estate, plaintiff favors us with but one citation and relies entirely and solely upon Jackson v. Smith, 254 U. S. 586, 65 L. Ed. 418, and sets forth, in totidem verbis, the opinion in that case, and, as viewed by this court, the facts in Jackson v. Smith are so at variance with the facts in the case now being considered as to render the cited case valueless as a legal compass by which we may set our course in the instant case. In Jackson v. Smith, supra, one Ambrose was receiver for a defunct Building Association and as such held certain notes of one Schwab, such notes being secured by deed of trust on certain real property. Under the law of the District of Columbia a foreclosure proceeding through the courts is unknown. In that jurisdiction one desiring to borrow money executes his notes, conveys his property by deed to three trustees, which deed empowers such trustees, when directed by the holder of the notes, to offer the property for sale at public outcry, after ten days advertisement of the time, place, and conditions of the sale, and if the price bid for the property is satisfactory to the holders of the notes, the trustees execute a deed in fee to the purchaser. If the bid made at such sale is inadequate, the holder may use his discretion and either direct the deed to issue or withdraw the property and readvertise it at another period. Ambrose, as receiver, entered into an agreement with Smith and Wilson whereby Ambrose was to order the property sold; Wilson was to purchase the same; resell at private sale, and divide profits between Ambrose, Smith, and Wilson, which was subsequently done. The facts being presented to the court, Jackson was substituted for Ambrose as receiver and this action was brought against Ambrose, Smith, and Wilson, to recover the profits realized by the private sale of the lands. Ambrose, being receiver for the holder of the notes, had, under the laws of the District of Columbia, absolute power to order the trustees to advertise and sell the property; to designate the time, place and conditions of the sale; to order the trustees to execute the deed in fee, or to withdraw the property and readvertise and sell the same. He occupied a position of confidence and trust toward the defunct association and its stockholders as thrust upon him a legal as well as a moral duty to obtain the best possible price for the property and to return the same to the treasury of the association for the benefit of the stockholders. The fiduciary relation of Ambrose, the receiver, to the association is clearly apparent, he having absolute power over the property of the association.

Courts of equity have carefully refrained from defining the particular instances of fiduciary relations in such a manner that other and perhaps new cases might be excluded. Pope, Legal Definitions, vol. 1, p. 540; Macneal, Illinois Evidence, p. 542.

The expression "fiduciary relation" is one of broad meaning, including both technical fiduciary relations and those informal relations which exist whenever one man trusts and relies upon another. Kearn v. Beatty, 267 Ill. 134; Beach v. Wilton, 244 Ill. 422; Mayrand v. Mayrand, 194 Ill. 48; Stahl v. Stahl, 214 Ill. 138; Thomas v. Whitney, 186 Ill. 231; Svanoe v. Jurgens (Ill.) 33 N. E. 955; Sulton v. DeCamp (N. Y.) 4 Abb. Prac. 483; Studybaker v. Cofield, 159 Mo. 596, 61 S. W. 246; Smith v. O'Gilvie, 127 N. Y. 143, 27 N. E. 807.

Browder and his codefendants occupied no such position toward the creditors of the bankrupt estate; his only duty being to collect rents and make an accounting to the court for the benefit of the Oklahoma Farm Mortgage Company. He possessed no power to direct the time, place, or conditions of the sale, or to direct a deed to issue. The adaquacy or inadequacy of the price obtained did not concern him in his position as receiver for the rents; he might have purchased the property and held it in his own name, or acquired an interest therein by a partnership agreement with others and reaped whatever profits that might arise from the transaction without betraying any confidence or trust as no confidence or trust was ever reposed in him by the trustee in bankruptcy.

The cause having proceeded upon the theory of a fiduciary relationship between the defendant Browder and the bankrupt estate, and an examination of the plaintiff's petition failing to allege facts disclosing such relationship, the judgment of the court below in sustaining the demurrers of the defendants should be sustained.

By the Court: It is so ordered.